

RECEIVED
MAR 26 2024
U.S.C.A. 3rd. CIR

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

JAYLEE WISE
Claimant
v.

U. S. A.
Respondent

. Docket No. 1: 05-CR-00 479-002
. Yvette Kane Judge
,       BY _ 7022 3330 0001 9522 3253
, Special Appearance
. U.S. court of appeals for the Third Circuit
. 21402 U-S. courthouse
. 601 market st.
. Phila delphia, PA I 19106 - 1790]

WRIT HABEAS CORPUS

writ of Habeas Corpus is a writ of right, and
cannot be refused. The constitution of the united
States, art. 1 § 9, declares, that it shall not be
suspended, unless when in cases of rebellion or
invasion, the public safety may require it.

By the 14th section of Judiciary act of 1789, vol. 1
p. 58, it is enacted, that all the before mentioned
courts of the united States, (including the supreme
Court) shall have power to issue Writ Habeas
Corpus, and all other writs, and that either of the
Justices of the Supreme court, as well as Judges
of the district Court, Shall have power to grant

i i

# Table of Citations

Cases:

Capton v. Van Noolden, 6 4.5. 126 at 127, 1804 U.S. LEXIS 253, 2 L.Ed 229, 2 Cranch 126.. 7, 16

Dred Scott v. John F. Sanford, 60 4.5. 393 at 404, 15 L.Ed 699, 1856 U.S. LEXIS 472, 19 How 393.. 5, 9, 13

Faretta v. California, 422 U.S. 806 at 807, 45 L.Ed 2d 562, 95 S.ct 2525 (1975).. 10

Johnstone v. Kelly, 808 F.2d 214 at 216, 1986 U.S. App. LEXIS 36419 (1986). 11

National mutual INS Co. of District of Columbia v. Tidewater Transfer Co. Inc, 337 U.S. 582 at 588, 69 S.ct 1173, 93 L.Ed 1556 .. 7

Paul v. Virginia, 75 4.5. 168 at 180, 19 L.Ed 357, 1868 U.S. LEXIS 1092, 8 Wall 168 ... 5, 12

Pennoyer v. Neff, 95 U.S. 714, at 722, 24 L.Ed 565, 1877) ... 5, 7, 12

Southern Pacific Co. v. Denton, 146 U.S. 202 at 206, 13 S.ct 44, 36 L.Ed 942, 1892 U.S. LEXIS 2107.. 6, 14

Statutes and Rules:
Judicial Act of 1789, sec 35, 1 stat 73, 92.. 1
28 u.s.c. 1915.. 11
HJR June 5, 1933 Pub. L. 73-10 .. 1, 8
28 u.s.c. § 1962
28 u.s.c. § 2071.. 8
28 u.s.c. § 2072.. 8
28 u.s.c. § 2074.. 8, 11

FED Rule Civ. P 8 (c).. 8
FED Rule Civ. P 12 (b) (3)..
Supp Admr. Rule E (2) (b).. 8

Constitution:
Art 1. § 9.. ii, 2, 8
Art 1. § 9 cl 7... 10
Art III § 2 ... 1, 4, 12
Art IV § 2.. 4, 5
Art IV § 3 cl 1.. 5
Art IV § 3 cl 2.. 5
14th Amendment .. 4

Writs of Habeas corpus, for purpose of an inquiry into the cause of commitment.

1. Whether Jaycee wise, living human being, in propria persona, sui Juris, point 4, 5, 6, of affidavit of Grantor Trustee attach to trust, give affiant standing under Art. 111 §2 Diversity of Citizenship to challeng the United States District court for the middle District of Pennsylvania Juris diction.

2. Whether Jaycee wise, in propria persona, sui Jurist is the surety pursuant to HJR June 5, 1933 Polic policy Pub L. 73-10, on the Recognizance Bonds, and other securities the attorney of record issued on affiant behalf in cases No 2:24 mJ 14, case No 1:05-CR-449-2

3. Whether Jaycee wise, in propria persona, sui Jurist Pursuant, the Judiciary Act of 1789, sec 35, 1 stat. 73, 92 entitle to represent himself without no form of appointed camsell attorney by the court.

1

## STATEMENT OF THE CASE

July 7, 2023 affiant was arrested by Court Hampton County Sheriffs at the Clerks Office. Held in Hampton county Jail for about a month and a half, never appeared physically appeared in any Hampton County court. All affiant appearaces was by Special appearance by tele communication. Regarding Affiant illegally arrested for traveling on march 14, 2023. march 13, 2023 while under threat, duress, coercion accepted for value Recognizance Bond with a restricted under protest when released the following day. April 12, 2023 a hearing was scheduled regarding the illegal arrest for court. march 30, 2023 affiant submitted to Clerk of court Affirmative Plea in abatement as a appearance for the April 12, 2023 court hearing. Never received a response to the above recorded documents. On January 12, 2024 affiant and his daughter appear at the Clerks office to submit the following: Affidavit of Grantor/Trustee; Certificate of Foreign Grantor Trust; Certificate of living Estate Trust; writ art 1.89 Habeas Corpus. The at filst didnt file the documents at my request. She told me to give it to the attorney on the 6th floor despite me telling her, "I was sui Jurist representing myself. When I and my daughter went to the 6th floor court form a trial was going on and the marshal escorted me

2

my daughter to the clerk office who then by the
marshal signal filed only the Affidavit of
Grantor/Trustee and the Habeas Corpus. At least
these was the only documents stamped received.
The clerk also gave me a document concerning
proceeding for Initial Appearance for the following
day which was January 25, 2024. January 24,
2024 I left the courthouse with my daughter to
return the following day appearing by special
appearance before magistrate/Trustee Bloom,
who illegally detained me after I was not
identified as the Defendant by the suppose
Parol representative. February 29, 2024 by
special appearance appeared before Judge Kane
who overruled my objection to the courts
Jurisdiction.

3

Jaycee wise, living human being, in propria persona,
sui Jurist, hereinafter "Affiant" contends, that the
Judgment commitment order of November 20, 2006
is void from the begining. Affiant was never made
a party to the action. The Respondent used a
statutory Rule of Evidence attachment, without
supporting it with a claim according to the
Diversity Citizenship requirement of the Constitution
as to Federal Jurisdiction.

## Issues

1. whether Jaycee wise, living human being, in propria
   persona, sui Jurist, point 4,5,6, of Affidavit of
   Grantor Trustee attach to trust, give Affiant standing
   under Art. III § 2 Diversity of Citizenship to
   challeng the united states District court for the
   Middle District of Pennsylvania Jurisdiction.

a. Citizenship
   Affiant use the remedy under article IV of the
   constitution to establish his state Citizenship
   in the Union Republic State Virginia. See, instrument
   230002909 Affidavit of Grantor/Trustee.
       Point 4,5,6, of Declaration rebutt
   presumption of Affiant identifying of associating
   himself as property/Defendant. See 14th amendment
                              4

Sec. 1; Art. 4 sec 2 entitle affiant to exercise those
freedoms at his discretion. _See_ Art 4. Sec 3. cl.2
leaving out of; Pennoyer v. Neff, 95 U.S. 714, at 722,
24 L.ED. 565 (1877).

As a consequence each State has the Power to determine
for itself the civil status and capacities of its
inhabitants.
_See_ Art 4 Sec. 3 cl1 and entering into; Pennoyer v.
Neff id at 722, The principle is that no State can
exercise direct Jurisdiction and authority over persons
or property without its territory.

The purpose of affiant doing the above process is
to show a distinction between himself and the
fiction citizen created by naturalization. _see_
Paul v. Virginia, 75 u.s. 168 at 180; 19 L.Ed 357
1868 U.S. LEXIS 1092; 8 wall 168.
The only rights it can claim are the rights which
are given to it in that character, and not the rights
which belong to its member as citizens of a State.
All that is required is that affiant
claim his citizenship under provisions of the
constitution and the principles on which it was
founded. _see_ Dred Scott v. John F. Sanford, 60 u.s.
393 at 406, 151 L-Ed 699, 1856  U.S. LEXIS 472;
19 How 393.

5

Indicating to the court Affiant in propria persona had the right to appear by special appearance to be heard on his Diversity of Citizenship challenge to the courts Jurisdiction. <u>See</u> Southern Pacific co v. Denton, 146 U.S. 202 at 206, 13 S.ct 44, 36 L.Ed 942, 1892 U.S. LEXIS 2189.

The court failed to honor Affiant right to be heard on the recorded writ quo warranto Jurisdiction questions, why the court administrative Preliminary hearing in rem proceeding was not against Affiant. The magistrate evaded answering Affiant question, "was (the magistrate) he a trustee, instead continued on proceeding insisted on compelling Affiant to accept Court appointed attorney, and if not he would recommend Affiant for mental capacity evaluation. against his continued Contestation. Id at 206

Affiant objection to the magistrate violations of affolding (Affiant) him, due process was not waived because magistrate ignored the objection

on account of Affiant not allowing the court identify him as the presumed Defendant it was proceeding against, the courts Jurisdiction was not establish. In addition to the prosecutor using a Statutory remedy attachment, without supporting it with a claim according to the diversity requirement

6

of the constitution as to federal Jurisdiction.
See national mut INS co of District of
Columbia v. Tidewater Transfer co. INC, 337 U.S. 582 at
588, 69 S ct 1173, 93 L.Ed 1556 we therefore
decline to overrule the opinion of chief Justice
Marshall and we hold that the District of columbia
is not a state within Article III of the constitution.

Affiant contends the Judgment commitment order of
November 20, 2006 is void from the beginning, because
he was never made a party to the action. See Pennoyer v.
Neff, 95 U.S. 714 at 723, 24 L.Ed 565, 1877 U.S. LEXIS
227, 5 Otto 714.

The Prosecutor attachment only bound the
U.S corporate citizen identified by District courts
as Defendant / property that the District courts placed
against though the proceeding in color is against the
natural living man.

The courts Jurisdiction was only establish
because Affiant consented and ceded to its in fem
Jurisdiction by accepting appointed counsel. See
Caplon v. Van Noorden, 6 U.S. 126 at 127,
Here it was the duty of the court to see that they
had Jurisdiction, for the consent of parties
cannot give it.

7

Both the court and the Prosecutor are in effect for not answering the Affiant writ of quo warranto, Art 1 § 9 writ Habeas Corpus Jurisdiction questions.

2. Whether Jaycee wise, living human being, in propria persona, sui Jurist is the surety pursuant to HJR June 5, 1933 Public Policy Pub. L 73-10; on Recognizance Bonds, and other securities the attorney of record issued on behalf of Affiant in case no 2:27 mJ14; case no 1:05-CR-479-2

B. Surety

See, 28 § § § 2071, 2072, 2044; Supp admit Rule e (4) ~ mortgage, hypothecation, or similar charge that is established as a security on a foreign vessel. The full faith Clause Art 4 sec 1 of the constitution; Fed Rule Civ P 8 (c) give Affiant authority according to the above mentioned rules to pay the debt of whatever amount on the case. See, 28 U.S.C. § 2074; Supp Adm Rule E (2) (b)

Absent a complaint by a Pennsylvania State citizen the court proceeded under statutes to collect a debt on a account. The statutory proceeding has nothing to do with a actual crime against a State citizen, therefore, the court dont

8

dont have Jurisdiction over Affiant. See 28 U.S.C. § 1962 Every Judgment rendered by a District Court within a State shall be a lien on the property located in such state.

The U.S. Person/fiction citizen is classified as property assumed to be the State Citizen. Affiant claim his citizenship by declaration on record before appearing by Special appearance in the middle District of Pennsylvania. See Dred Scott v. John F. Sanford, 60 U.S. 393, at 406, 151 L.Ed 691, 1856 U.S. LEXIS 472

If the defendant objects to it he must plead it specially, and unless the fact on which he relies is found to be true by a Jury, or admitted to be true by the Plaintiff, the Jurisdiction cannot be disputed in appellate court. See Fed R. Civ P 12 (h) (3) whenever it appears by suggestion of the parties or otherwise that the court lacks Jurisdiction of the subject matter the court shall dismiss the action.

The Prosecutor cant refute the fact he did not rebutt Affiants declaration of citizenship or have a complaint by a State citizen in their proper person to bring a claim claim against Affiant to meet the subject matter aft III Diversity Citizenship requirement,

9

Therefore he suppose to dismiss the action.

3. whether Jaycee wise, in propria persona, sui Jurist pursuant to the Judiciary act of 1789, sec 35, 1 staf. 73, 92 entitle to represent himself without no form of appointed counsell attorney by the court.

C - Self Representation
See art. 1 sec. 9 cl7 cont.
No title of nobility shall be granted by the united states.
A statutory Judicial have no authority to force a state citizen to accept a court appointed agent.
A criminal defendant may proceed pro se if he knowingly, voluntarily, and unequivocally "waives his right to appointed See Faretta v. California 422 U.S. 806 at 807, 45 L. Ed 2d 562, 95 S. Ct 2525 (1975).
Affiant clearly on the record he was aware of the consequences of not being represented by appointed counsel It was not required to address the Jurisdiction questions he attempted to ask the court and respondent and the Justification the magistrate / trustee used to appoint stand by counsel is not required by Faretta and imposes

no such qualification on the right to act
Sui Jurist. <u>See</u> Johnstone v. Kelly, 808 F.2d 214, at
216, 1986 U.S. App. LEXIS 36479 (1986)

Furthermore accepting appointed attorney by court
give it power to exercise in personam remedies against
natural person as if he/she is the fiction/Defendant
<u>See</u> 28 U.S.C. 1915,

Affiant would be subject to identifying himself
as the U.S. person/Citizen in subtle form of also
allowing his rights, defens, property to be subrogated.
    Affiant is the third party surety on this case
no 1:95-CR-00449-YK-2 therefore it wouldn't make
sense to claim being indigent. <u>See</u> 28 U.S.C. §
2044

The court along with respondent manipulated
proceedings to get Jurisdiction it still dont have
over Affiant in his proper person recently establish
under provision of the constitution the court is
deliberately ignoring.

## QUESTION PRESENTED FOR REVIEW

1. Whether affiant, living human being, in propria persona, sui Juris, Point 4, 5, 6, of affidavit of Grantor Trustee attach to trust, give affiant standing under Art. III § 2 Diversity of Citizenship to challeng the United States District court for the Middle District of Pennsylvania Jurisdiction.

A. Citizenship

   Declaration - In point 4 affiant gave notice of exercising right to claim citizenship. See Pennoyer v. Neff, 95 U.S. 714, at 732, 24 L.Ed 565 (1877) The court ruled in Neff favor on account he was a non-resident, never appeared in court and was not served notice personally.

   In the case at Bar affiant was not personally served with notice, appeared by special appearance in court at revocation and Preliminary hearing. To point out he dont identify himself as U.S. citizen / resident, notice was served on U.S. citizen via administrative process by Clerk of court / magistrate / Trustee.

See Paul v. Virginia, 75 U.S. 168 at 180, 19 L.Ed 357, 1868 U.S. LEXIS 1092, 8 wall 168,
   In Paul v. Virginia, insurance agent did not comply with law to operate business; nevertheless
12

operated under the company issuing policies
without obtaining the required credentials
to do business in the character of a foreign
insurance company. acting as new york agent
issued insurance policy to virginia citizen
without license to do business in virginia,
In the case at Bar the Administrative
court only had Jurisdiction over the U.S. person
citizen of the District of columbia assuming
affiant living human being, in propria persona
identified and associated himself as the
Defendant/District citizen the court have
authority to proceed against.

See, Dred Scott v John F. Sanford, 60 U.S.
393 at 406, 151 L. Ed 699, 1856 U.S. LEXIS 472I
Dred Scott identified himself as a slave
and associated himself being connected to a
people labeled as African Black Slaves
from Africa. In the present case Affiant
use the same process the European Founders
use under the provision of Article 4 of
the constitution to establish themselves
on the land as Natural State/private citizens.
The total opposit of how Dred Scott himself
within a territory a Government subdivision by
Hauling to its geographic area. nevertheless, the
13

Circuit Court recognize bred scott Declaration
and made John sanford rebutt it by rules of
pleading of abatement In the case at bar for almost
eight months affiant filed a writ quo warrant
to Eastern District of Virginia Probation and the
Middle District court of Pennsylvania and neither
the court of the Prosecutor answered it Despit
affiant claim his Citizenship that the clerk of
the middle District court suppose to had recorded.

See southern Pacific Co v. Denton, 146 U.S. 202
at 206, 13 S.ct 44, 36 L.Ed 942, 1892 U.S. LEXIS 2189
A corporation was not compelled to answer
to a complaint in a circuit court at law proceeding
in a united State, outside of its district and
the Plaintiffs. Defendent as corporation appeard
by special appearance before circuit court challenging
its Jurisdiction which the court ourruled it objection
The corporation was not a citizen or resident
or incorporated in the district of the court.
Objected on these grounds despite court insisting
on proceeding as if the right was waived. Afterwards
answered to the merits did upon first attemping to
be heard on Jurisdiction issue walve Defendant-
objection
        In the case Now before the court Affiant

14

appeald spicially for the single purpose of challenging
the coulfs Jurisdiction oul him as third party surety
on the case. The caulf Glearly on fecold violated due
process of affolding affiant right to appeal and heald.
The, consistedly igneted affiant attempts to address
Jurisdicfien among other violation's before affiant
ansulated to melits of the case, which means his objections
is not enaived.

<u>see</u> National mutual INS co of District of columbia
v. Tidewatel Transfel co. INC, 337 US. 582 at 583, 69
S. Ct. 1173, 93
   in the above case the confrouelsy was whether
District Columbia citizen's had the same standing
as a state citizen, which the ansuers is NO. one
operate undel alt 111 Judicial consfitutional Statute
1789 act and other undel AH 1 congressional act
of 1940 Jurisdicfion. IN the case at bal the middle
District caulf at the time it issued its Judgment
commitment oldel was funcfioning undel AH 1
congressinal Jurisdicfion that only applied to the
U.S. colposate Citizen that is assumed Affiant
is identifying and associating himself as the
defendant. It necus had Judicial pauel undel
AH 111 Judicial Slause to have establish subject
mattel Jurisdicfion oul affiant the living human
being The Jurisdicfion requilement of the act

15

Congress do not comply with the Diversity of Citizenship requirement. It establish Jurisdiction administratively on the corprate sole thats a Citizen of the District of columbia. The District of Columbia is constitutional distinct from the union Republic State. virginia where Affiant establish his citizenship as a natural/Private State citizen. The court establish administratively on the domicile of the corporate sole in District of Columbia where the citizen is created.

See Caplon v. van noolden, 6 U.S. 126, 1804 U.S. LEXIS 253, 2 L.Ed. 229, 2 Cranch 126

In the case above the court didnt have Jurisdiction to have rendered a judgement in plaintiff favor and against Defendant. and neither was the plaintiff or Defendant citizens of the state where the suit was brought therefore the court didnt have Jurisdiction period. In the case at Bar the court didnt and still dont have Jurisdiction ouer Affiant aside from him identifying and associating himself as the US citizenship or by accepting court appointed counsel agent of the court who can only represent the corporate fiction U.S. citizen.

16

## RELIEF

The Circuit Judge recognize the lower court and prosecutor evaded answering writs they're required to answer and be held accountable to answer all questions and points of the Affidavits to clarify the Jurisdiction issue. Immediate Release Affiant because the District Court Sentence was under Statutory proceedings as oppose to having Judicial art 111 constitutional Statutory subject matter authority to have made Affiant a party to the case No. 1:05-CR-00449-002.

## Conclusion

For all the foregoing reasons, especially the factor of the court forcing appointed attorney to be accepted for the main purpose for the court to obtain Jurisdiction, because originally this how the District court acquired Jurisdiction and Affiant in color by attachment as if Affiant was being proceeded against. Affiant respectfully request that the court consider the factors and according to law grant the Habeas corpus.

Respectfully submitted
By: Jayce wise, Sui Juris
c/o 067010

Dauphin county prison
Harsburg Territory
c/o 501 mall Road
Via Pennsylvania state Republic ZIP EXEMPT U.S.A [17111-1299

## Certificate of Service

I hereby certify that I am this march 20, 2024 day serving copies of the foregoing Habeas Corpus, Supporting Affidavit by first class mail certified on the following:

Office of the Clerk
United State Court of Appeals for the Third Circuit
21900 U.S. Courthouse
601 market St.
philadelphia, PA U.S.A. [19106-17957]

Jaycee Wise Bey, Executor
Natural Person, in proplia persona sui Jurist
Ex Relatione: JAYCEE WISE
c/o # 067010
Dauphin County Prison
c/o 501 mall Road
Harrisburg Territory
via Pennsylvania State Republic
zip Exempt U.S.A [17111-1299]
via United States Republic, North America
Non-Domestic, Non Resident
via United States mail

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

JAYCEE WISE                          . Docket No. 1:05-CR-00 449-002
    Claimant
      V.                             . Yvette Kane Judge
U.S.A.                               .    By
    Respondent                       . Special Appealanze
                                     . U.S. Court of Appeals for the Third Circuit
                                     . 21400 U.S. Courthouse
                                     . 601 market St.
                                     . Philadelphia PA [19106- 1790

                AFFIDAVIT

State Pennsylvania )
                    ) SS  ACKNOWLEDGEMENT
Dauphin County      )

        NOTICE TO AGENT IS NOTICE TO PRINCIPAL
        NOTICE TO PRINCIPAL IS NOTICE TO AGENT

    " Indeed, no more than (Affidavits) is necessary
    to make the Prima Facie case" in the Nature
    of United States vs. Powell, 379 U.S. 48

That whereas Affidavit supporting writ Habeas
Corpus under "Full Faith and Credit" The United
States of America, the State Pennsylvania, The
County Dauphin, Jaycee Wise, in propria persona,
herein after "Affiant," duly affirm, says, and declare
that the following facts are true and correct to the
best of my knowledge and belief:

1. That all statement made within the writ Habeas
   Corpus are true and correct, admissable as evidence
   and if called upon as a witness, Affiant will
   Certify to their veracity.

2. That, Affiant is the surety on all Securities
   issued in case no. 2:24 mj/14, case No. 1:05-CR-
   00449-002

3. That Affiant was never made a party to case
   No 1: 05 CR-00449-002

4. That Affiant never appeared generally in the
   District court for the Eastern District of
   Virginia

5. That Affiant under duress signed Personal Recognizance
   with the intent as surety to settle and close the
   Ledger for case no. 2:24 mj/14, case no. 1:05-CR-449-002

That affiant did not receive from the Clerk of court of the U.S. middle District court cost for Transcripts copies Supposely sent 03/08/2024.

That affiant on march 14, 2024 letter to contact court Reporter wendy Yinger, court Reporter Amy Fritz for the actual cost per page, and both reporters told affiant to contact them a later date.

That affiant contact Amy Frits by phone, march 14, 2024 Amy Frits said, the following day a Friday she would send the actual cost of transcripts to affiant family member phone, who had contact Amy Frits for affiant.

That affiant family member said, Amy Frits did not send the information of the actual cost of transcripts yet of march 20, 2024

That affiant contact wendy Yinger march 14, 2024 via family member phone wendy Yinger communicated to contact her again march 22, 2024 Friday to get the actual cost for transcripts.

That affiant march 3, 2024 request for orders of courts for both hearings was not sent.

Affiant communicated this issue to James C. Duff, Director the Administrative office of the united state courts.

I, Jaycee wise Declare, or state under penalty of perjury that the foregoing is true and correct. Excuted on
March 20, 2024
Jaycee wise

Jaycee Wise, Jurist, Creator
Natural Person, In Propria persona sui Juriss
Ex Relatione : Jaycee Wise
c/o # 087010
Dauphin County Prison
c/o 501 mall. Road
Harrisburg Territory
via Pennsylvania State Republic
zip Exempt U.S.A [17111-1299
via United States Republic, north america
Non-Domestic, Non Resident
via United States mail

Office of the clerk
United States court of Appeals for
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA. 17106-1790

7022 3330 0001 9522 3

HARRISBURG P&DC
THU 21 MAR 2024 PM

RECEIVED
MAR 26 2024
U.S.C.A. 3rd. CIR